R. R. Woods, plaintiff in error, *vs.* Johnson & Smith, defendants in error.

The mode of bringing the defendant in court in the county court is the same as in a justice court, and if the summons does not have appended to it a copy of the note or account sued on, it is amendable, and the case should not be dismissed, especially after appeal to the superior court.

Process. Amendment. County Courts. Before Judge Pate. Pulaski Superior Court. November Term, 1876.

Reported in the opinion.

R. F. Lyon; John H. Martin, for plaintiff in error.

Jacob Watson, by brief, for defendants.

Jackson, Judge.

In this case Johnson & Smith sued Woods in the county court, and an appeal was taken to the superior court. Woods moved to dismiss the case because the summons did not have annexed to it a copy of the account sued on. The

court refused to dismiss it, and the defendant excepted.

The Code declares that suits in the county courts should begin by summons as in justice courts, and in justice courts there is no provision of law that the copy of bill of particulars be attached to the summons. It is the better practice to do so; but it certainly would be amendable, to say the least, and the case should not have been dismissed. The defendant could have demanded the account if he wanted it, before pleading, and we cannot see how he is hurt. See Code, §§284, 285, 4139 *et seq.*

Judgment affirmed.