## Davis *vs.* Wilson.

[Warner, Chief Justice, was providentially prevented from presiding in this case.]

Where the summons commencing suit in a justice court for a debt is duly issued and served, and specifies the time and place of trial, the case will not be dismissed in the superior court on appeal, on the ground that there is no description whatever of the demand sought to be recovered—no amount, date or contract specified, no account, note, or other instrument mentioned, and no copy attached or set out.   All these things, if necessary, may be supplied by amendment.

Justice Court.   Appeals.   Pleadings.   Practice in the Superior Court.   Before Judge Rice.   Gwinnett Superior Court.   March Term, 1875.

Four suits were commenced in the justice court of the 407th district, G. M., by Wilson against Davis.   The summons, in each case, required the appearance of the defendant at a proper time and place, "to answer the plaintiff in an action of debt," but no description of the debt was therein embraced or thereto attached.   Service was acknowledged.   Judgments were rendered for the plaintiff, and the cases carried by appeal to the superior court.   They were there, by agreement, consolidated and tried together.

Defendant moved to dismiss the suits because the summonses did not plainly and distinctly set forth the cause of action by giving the amount and description of the debts claimed. The motion was overruled and defendant excepted. Verdicts were rendered for the plaintiff. A motion for new trial was made on the ground that the court erred in refusing to dismiss. A new trial was refused and defendant excepted.

JOHN A. WIMPEY, for plaintiff in error, cited Code, §§ 39 41, 48, 4141, 4149, 4133, 4138 ; 2 Bouv. Dic., 539.

WINN & SIMMONS, for defendant.

BLECKLEY, Justice.

Justice courts are not courts of record; their proceedings are summary and simple ; professional skill is not required to conduct them ; full and regular pleadings in them are impracticable, and not to be demanded. The Code, in section 4139, prescribes that all suits before justices of the peace shall be commenced by written summons, directed to any lawful constable of the county, "commanding the defendant to appear at the time and place of trial, which time and place shall be specified in said summons." What else the summons is to contain, if anything, is no where laid down. Nothing is said as to describing the cause of action, or setting out a copy of the note or account, or giving the date or amount thereof. The defendant is to be commanded to appear at the time and place of trial, and the time and place are to be specified ; this is all. Doubtless, in practically administering this scanty provision of the Code, it is best to go further than the letter of it requires ; it is best to describe the cause of action, or add a copy of it. But there is a difficulty in holding that it is legally requisite to do more than the Code lays down ; for as something is prescribed for the summons to contain, namely, the time and place of trial and the command to appear,

how can the courts say it shall contain something in addition? It is enough to rule now that a summons like any of the four described in the record, is sufficient to bring the defendant into court, and that whatever more of detail may be necessary to carry on the suit may be supplied by amendment. Code, §3479; 58 Ga., 138.

Judgment affirmed.